UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RENE SAMUEL KENDALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:11-CV-388 |
| ) | (CAMPBELL/SHIRLEY) |
| V. ) | |
| ) | |
| SEVIER COUNTY, CITY OF PIGEON FORGE, ) | |
| RUSSELL PARKER, JACK BALDWIN, and ) | |
| GARY CAMPBELL, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. This case is before the Court to address a Motion to Dismiss for Failure to Prosecute and Cooperate in Discovery [Doc. 51], filed by the Defendants. For the reasons stated herein, the undersigned will **RECOMMEND** that the Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART.**

I.   **BACKGROUND**

Plaintiff filed his Complaint on August 17, 2011. On October 19, 2011, Plaintiff filed his Amended Complaint. The parties agreed to a discovery plan on February 16, 2012. [Doc. 26]. Defendants City of Pigeon Forge, Russell Parker, Jack Baldwin and Gary Campbell's First Set of Interrogatories and Request for Production of Documents were propounded to Plaintiff Rene Samuel Kendall through Plaintiff's counsel on February 16, 2012.

On September 12, 2012, a Notice of Deposition of Plaintiff Rene Samuel Kendall was filed. [Doc. 40]. The deposition was to occur on October 23, 2012. On or about October 18, 2012, Plaintiff's counsel stated that he had a criminal trial set for the same day, and therefore, counsel agreed that the deposition of the Plaintiff would be reset. [Doc. 51-1]. On October 22, 2012, an Amended Notice of Deposition for the Plaintiff was filed stating that the deposition would occur on November 7, 2012. [Doc. 41]. Two days prior to deposition commencing, Plaintiff's counsel again contacted counsel for the Defendants and stated that his client was sick and unavailable for deposition. Plaintiff's deposition was noticed for the third date and reset to occur on January 18, 2013. [Doc. 51-5]. Unfortunately, a round of bad weather made travel difficult for deposition on that day, and therefore, all parties agreed to postpone that deposition.

As of December 28, 2012, Plaintiff had not provided his responses to Interrogatories and Request for Production of Documents first served in February, 2012. In addition, Plaintiff had not provided the initial disclosure documents that had been previously requested. On December 28, 2012, the Defendants filed Motions to Compel written discovery responses and initial disclosure documents. [Docs. 43-44]. On January 14, 2013, Plaintiff sent unsigned and unverified purported responses to Interrogatories and Request for Production of Documents to counsel for the Defendants. [Doc. 51-6]. Counsel for the Defendants contacted the chambers of the undersigned and cancelled a hearing set for the same day after receiving the Plaintiff's responses.

On February 18, 2013, counsel for Defendant Pigeon Forge and the individual defendants sent counsel for the Plaintiff a medical records release form and asked that counsel for the Plaintiff have the Plaintiff execute the release and that it be returned as soon as possible. As of

April 2, 2013, the date on which the Motion to Dismiss was filed, the Plaintiff had not executed and returned the release form to counsel for the Defendants.

The Defendants issued a Third Amended Notice of Deposition for the Plaintiff on February 7, 2013. The deposition was to occur on March 28, 2013. On that date, Plaintiff did not attend the noticed deposition. [Doc. 51-7]. The Defendants filed their joint Motion to Dismiss [Doc. 51] on April 2, 2013. The parties appeared before the undersigned on May 17, 2013, to present oral arguments on the issues presented therein.

## II.  POSITIONS OF THE PARTIES

Defendants argue that, excluding the deposition cancelled for weather, the Plaintiff has either cancelled or failed to appear for a duly noticed deposition three times over the last five months. Defendants maintain that defense counsel has attempted to engage in written discovery and only received partial information and responses from the Plaintiff. They note that the responses were only received after Motions to Compel were filed and set for hearing. Further, the Plaintiff has not cooperated in furnishing authorization to Plaintiff's medical records which Plaintiff has made relevant by his Complaint. Generally, the Defendant argues that the Plaintiff has failed to comply with his obligations under Rule 26 of the Federal Rules of Civil Procedure.

The Plaintiff responds that his failure to appear at the deposition scheduled for March 28, 2013, was not intentional. [Doc. 53]. Plaintiff submits that he will fully cooperate in discovery and with the resetting of his deposition. Plaintiff states that his counsel did not realize that the Defendants had not received signed copies of the Plaintiff's responses to the written discovery until April 15, 2013. As of the date of the hearing, Plaintiff's counsel had provided signed responses to the written discovery to counsel for the Defendants, but he did not attach some of

3

the supporting documentation cited in the responses – *e.g.* tax returns. [See Doc. 55]. A few days before the hearing, counsel for the Plaintiff also provided counsel for the Defendants with the executed medical records release. Plaintiff maintains that dismissal is not warranted at this time, and Plaintiff and Plaintiff's counsel recognize that no further delays will be tolerated by the Court in this case, barring extreme circumstances.

Defendants reply that Plaintiff offers neither factual nor legal justification for the failure to participate in discovery in this case. Defendants argue that Plaintiff "has persisted in a clear pattern of delay, and at times outright refusal, to comply with the Federal Rules of Civil Procedure pertaining to discovery in this civil action." [Doc. 54 at 1].

**III.   ANALYSIS**

Rule 37 of the Federal Rules of Civil Procedure instructs: "The court where [an] action is pending may, on motion, order sanctions if a party or party's officer, director, or managing agent . . . fails, after being served with proper notice to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i) (internal punctuation removed). With regard to violations of Rule 26, the Court may award expenses if discovery is provided after a motion to compel or motion for disclosure is filed. See Fed. R. Civ. P. 37(a).

Rule 37 gives the Court discretion in ordering sanctions under Rule 37, Yagley v. City of Dearborn, 2010 WL 973462, at *1 (E.D. Mich. Mar. 16, 2010), but the Court of Appeals for the Sixth Circuit has deemed dismissal to be a sanction of last resort. Specifically, the Court of Appeals has described dismissal "a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." Reg'l Refuse Systems v. Inland Reclamation Co., 842 F.2d 150, 153–54 (6th Cir.1988).

4

In determining whether dismissal is appropriate, courts should consider four factors, specifically "(1) evidence of willfulness or bad faith; (2) prejudice to the adversary; (3) whether the violating party had notice of the potential sanction; (4) whether less drastic sanctions have been imposed or ordered." Phillips v. Cohen, 400 F.3d 388, 402 (6th Cir. 2005).

As the Court explained at the hearing, the Court finds that dismissal is not appropriate in this case. First, the evidence before the Court does not demonstrate willfulness. Instead, the Court finds that it demonstrates a high level of irresponsibility and lack of consideration. The undersigned, however, cannot conclude that the Plaintiff, or his counsel, have acted in bad faith at this juncture.

The Court finds that the Defendants have been prejudiced in that their deposition preparation has been wasted on at least three occasions due to Plaintiff's failure to appear and/or cancellation with short notice. Moreover, the Defendants were required to file the instant Motion to Dismiss to bring this issue to the Court's attention. The prejudice that has inured to the Defendants, however, is not severe or beyond remedy. There is no trial date set in this case, and the Court finds that the case can be placed back on course at this juncture. Further, the undersigned will recommend that Plaintiff's counsel reimburse the Defendant for the costs incurred in filing the Motion to Dismiss.[1] Accordingly, the Court finds that this factor weighs against dismissal.

The Court finds that the Plaintiff did not have specific notice of the potential sanction, and thus, the Court finds that this factor weighs against dismissal. The Court would note that the Plaintiff's counsel, as a practitioner in Federal Court, should have known that Rule 37 does not

---

[1] The Court finds that the first two cancellations of the deposition, with short notice, were necessitated by a failure to plan on the part of Plaintiff's counsel. The Court finds that the Plaintiff's failure to appear was necessitated by the failure of Plaintiff's counsel to establish communications with his client in a manner consistent with his professional obligations. Accordingly, the undersigned recommends that counsel, not the Plaintiff, pay the reasonable fees and costs incurred.

5

tolerate parties failing to appear for their depositions. In addition, the undersigned has specifically admonished counsel for the Plaintiff in other cases pending in the Eastern District of Tennessee that failure to cooperate in discovery will result in sanctions. Neither Plaintiff, nor Plaintiff's counsel, however, have been warned that dismissal would result in this case, and thus, the Court finds that this factor weighs against dismissal.

Finally, the Court finds that it has not previously imposed less drastic sanctions. Thus, the Court finds that this factor weighs against dismissal of this case. The undersigned recommends sanctions be imposed, as detailed below, and should the Plaintiff fail to comply with the Federal Rules of Civil Procedure in the future, the Court will cite these sanctions as less drastic sanctions having been previously imposed.

## IV. CONCLUSION

For the reasons stated herein, the undersigned **RECOMMENDS**:[2]

1. The Motion to Dismiss **[Doc. 51]** be **DENIED IN PART**, to the extent it requests dismissal of the instant case.

2. The Motion to Dismiss **[Doc. 51]** be **GRANTED IN PART**, to the extent it requests an award of attorney's fees and costs. The Defendants be **AWARDED** the reasonable fees and costs incurred in filing the Motion to Dismiss to be paid by counsel for the Plaintiff. Defendants be ordered to file an affidavit and supporting documentation stating the fees and costs reasonably incurred in filing the Motion to Dismiss on or before **June 10, 2013**.

3. The Plaintiff be **ADMONISHED** that failure to comply with the Court's Orders or the Federal Rules of Civil Procedure in the future will be treated as contempt of court or may result in this case be dismissed in whole or part. See Fed. R. Civ. P. 37(b).

    Respectfully Submitted,

    s/ C. Clifford Shirley, Jr.
    United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

7

Case 3:11-cv-00388-PLR-CCS   Document 62   Filed 05/28/13   Page 7 of 7   PageID #: 286